# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HELENA L. HALL : | CIVIL ACTION |
| Plaintiff, : | |
| v. : | |
| : | No. 09-2846 |
| MICHAEL J. ASTRUE, : | |
| Commissioner of Social Security, : | |
| Defendant. : | |

## MEMORANDUM

**NORMA L. SHAPIRO, S.J.**     **JUNE 9, 2010**

Plaintiff, Helena L. Hall ("Hall"), commenced this action pursuant to 42 U.S.C. § 1383(c)(3), which incorporates 42 U.S.C. § 405(g), to review the final decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). In accordance with the court's July 1, 2009 procedural order, the plaintiff filed a brief and statement of issues in support of request for review [paper no. 5]. The Commissioner filed a response in opposition to the request for review [paper no. 7]. By order of December 9, 2009, the case was referred to United States Magistrate Judge Timothy R. Rice for a Report and Recommendation ("R&R"). Upon review of the record, Judge Rice denied the request for review and affirmed the decision of the Commissioner. Hall timely filed objections to the R&R. Having conducted a thorough review of Hall's Objections, the response from the Commissioner, the R&R of Magistrate Judge Rice, and the administrative evidence of record, the Court overrules Hall's objections and affirms the final decision of the Commissioner.

## I.     Procedural History

On May 11, 2006, Hall filed an application for SSI alleging disability under the Act since February 1, 2006. The Social Security Administration ("SSA") denied her claim for benefits on

November 7, 2006. On January 6, 2007, Hall filed a request for a hearing before an Administrative Law Judge ("ALJ"). ALJ Margaret A. Lenzi conducted a hearing on January 29, 2008, and denied the claim on February 12, 2008. The R&R succinctly summarized the ALJ's findings:

> At step one, the ALJ found Hall did not engage in substantial gainful activity at any time since the alleged onset of her disability. R. 24. At step two, the ALJ found Hall suffered from the following severe combination of impairments: degenerative joint disease of the right foot and knee, a back strain/sprain, and migraine headaches. R. 24. At step three, the ALJ found Hall's impairments or combination of impairments did not meet, or medically equal, one of the listed impairments. R. 24-25. The ALJ determined Hall had the RFC to perform light work or sedentary level work in a low-stress job that does not require her to crawl, kneel, or use her right foot for repetitive movements and does not require any more than occasional decision-making or changes in the work setting. R. 26. In determining Hall's RFC, the ALJ considered Hall's subjective complaints, but found Hall incredible because of contradictory statements, her medical record of conservative treatment, and her demeanor at the hearing. R. 27. The ALJ offered examples of inconsistencies and exaggerations in Hall's testimony and her application, and found that although Hall alleged several limitations, her limitations were less severe. For example, the ALJ cited evidence that Hall cooks, shops, goes to church, does social activities several times a month, and cares for her grandchildren. R. 28. Thus, the ALJ concluded, Hall could perform light sedentary activities. Id.
> The ALJ also rejected the opinions of Hall's treating and non-treating physicians, Dr. Michael Flanagan, Dr. David Jones, and Dr. Walter Schwartz. R. 28-29; see 20 C.F.R. 416.927 (d)(2)-(3). The ALJ found Dr. Jones' March-to-August treatment notes did not support his opinion that Hall was limited to less than two hours of standing and/or walking, limited to upper and lower extremity pushing and/or pulling, to reach in all directions, and completely unable to climb, balance, kneel, crouch, or stoop. R. 28. The ALJ found medical records did not support Dr. Flanagan's opinion that Hall would be absent more than four days a month as a result of her migraine headaches. Id. The ALJ rejected Dr. Schwartz's opinion that found Hall was limited to sedentary level work and limited to one-hour or less of standing and walking. R. 29. The ALJ concluded Dr. Schwartz's opinion was not supported by the medical records because Dr. Schwartz's physical examination of Hall noted only "generalized tenderness" in the right knee, but an ability to heel walk, and no evidence of right lower extremity atropy [sic]. Id. Additionally, the ALJ found that some of Dr. Schwartz's opinion was based on Hall's subjective complaints, which he found incredible. Id.
> At step four, the ALJ found Hall was unable to perform past relevant work, R. 29, but at step five, the ALJ determined there are a significant number of

>     jobs in the national economy Hall could perform based on her age, education,
>     work experience, and RFC. R. 29-30.

(*See* R&R 3-4 [paper no. 10]). Hall filed a request for review of the decision on May 5, 2008. Hall's requested review of the decision was denied by the Appeals Council on April 22, 2009. Hall filed her complaint appealing the decision denying her benefits on June 24, 2009. This court referred the request for review and the Commissioner's response to Timothy R. Rice, United States Magistrate Judge, for a Report and Recommendation.

In the pending request for review, Hall argues that: (1) the ALJ failed to evaluate properly the treating and examining physicians' opinions; (2) the ALJ failed to evaluate properly the claimant's credibility, and her finding is not supported by the evidence; (3) the ALJ's finding regarding the claimant's residual functional capacity ("RFC") is not supported by the evidence; and (4) the Appeals Council erred in denying review of the ALJ decision. (*See* Pl. Request for Review 2-4 [paper no. 5]). The Magistrate Judge found that substantial evidence supported: (1) the ALJ's credibility finding as to Hall's testimony; (2) the ALJ's decision not to afford full weight to the opinions of Dr. Jones, Dr. Flanagan, and Dr. Schwartz; and (3) the ALJ's determination of Hall's RFC. (*See* R&R 10-18 [paper no. 10]). Hall filed Objections to the R&R on March 18, 2010. (*See* Pl. Objections [paper no. 11]).

## II. Standard of Review

Under the Act, a claimant is disabled if unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The impairment must render the claimant "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the

national economy." 42 U.S.C. § 423(d)(2)(A). A five-step sequential evaluation is utilized in evaluating a claim of disability. The Commissioner considers whether a claimant: (1) is working; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of an impairment listed in the regulations and is considered per se disabling; (4) can return to past work; and (5) if not, can perform other work existing in the national economy. *Bembery v. Barnhart*, 142 Fed. Appx. 588, 590 (3d Cir. 2005); 20 C.F.R. § 416.920.

### A. Judicial Review of Commissioner's Final Decision

This court must accept the factual findings of the Commissioner if supported by substantial evidence and decided according to correct legal standards. *See Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999); *Doak v. Heckler*, 790 F.2d 26, 28 (3d Cir. 1986). Substantial evidence is deemed such relevant evidence as a reasonable mind might accept as adequate to support a decision. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lewis v. Califano*, 616 F.2d 73, 76 (3d Cir. 1980). The court should not re-weigh the evidence or substitute its own conclusions for those of the ALJ. *Burns v. Barnhart*, 312 F.3d 113, 118 (3d Cir. 2002). Despite this deference to the administrative decision, the court retains the responsibility to scrutinize the record and remand if the Commissioner's decision is not supported by substantial evidence. *See Smith v. Califano*, 637 F.2d 968, 970 (3d Cir. 1981). The court must consider the evidence supporting the decision in relation to all of the other evidence in the record. *See Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981). If the court determines that the conclusion of the ALJ is supported by substantial evidence, it must affirm the decision, even if it would have decided the factual inquiry differently. *Hartranft v Apfel*, 181 F.3d 358, 360 (3d Cir. 1999).

### B. Standard of Review on Objections to a Report and Recommendation

The court conducts *de novo* review of the portions of an R&R to which specific objections have been filed. *See* 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b). Hall's Objections to the R&R rehash the arguments previously raised to the Magistrate Judge in his request for review. A careful examination of Hall's submissions reveals that Hall's Request for Review [paper no. 5] and Hall's Objections [paper no. 11] are essentially identical briefs, with some minor formatting changes. By submitting a near verbatim recitation of her Request for Review, Hall asks that the court ignore the contributions of the Magistrate Judge and allow a second *de novo* review of her arguments against the ALJ's decision. Although courts within the Circuit have held that duplicative objections only receive clear error review,[1] this court, in an abundance of caution, will review Hall's objections to the R&R *de novo* in accordance with Title 28 U.S.C. § 636(b)(1)(c).

## III. Analysis

### A. Treating/Non-Treating Physicians' Findings

Hall argued that the ALJ discredited, and ultimately rejected, every medical opinion offered in the case by a physician who actually examined her, when in fact each opinion should have been given substantial deference. The Magistrate Judge analyzed the ALJ's assessment of

---

[1] Federal Rule of Civil Procedure 72 provides that "a party may serve and file specific written objections to the proposed findings and recommendations [of the magistrate judge]." Fed.R.Civ.P. 72(b)(2). Local Rule 72.1(IV)(b) specifies that the objecting party submit "written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." "When no timely objection is filed, the court need only satisfy that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b) advisory committee's notes. Courts have suggested that to receive *de novo* review, the objecting party must identify specific errors in the magistrate judge's analysis, not simply rehash arguments already made to the magistrate judge. *Riley v. Barnhart*, No. 05-5731, 2010 WL 1186314, at *1-2 (E.D. Pa. Mar. 25, 2010); *see also Morgan v. Astrue*, No. 08-2133, 2009 WL 3541001, at *3 (E.D. Pa. Oct. 30, 2009) (citing cases both within and outside the Third Circuit holding that objections merely rehashing an argument presented to and considered by a magistrate judge are not entitled to *de novo* review). Allowing *de novo* review by district courts for objections previously raised before the magistrate judge "defeats the benefit of judicial efficiency gained by the report and recommendation process." *Palmer v. Astrue*, No. 09-820, 2010 WL 1254266, at *2 (E.D. Pa. Mar. 31, 2010); *see also Goney v. Clark*, 749 F.2d 5, 6 (3d Cir. 1984) ("We are satisfied that providing a complete *de novo* determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process.").

the medical opinions and the ALJ's decision to grant the opinions little weight. R&R 12-17. For each physician–Dr. Jones, Dr Flanagan, and Dr. Schwartz–the Magistrate Judge found the ALJ's conclusion rejecting the opinion was supported by substantial evidence. *Id.*

A treating source's opinion is entitled to controlling weight only when it is supported by medically acceptable clinical and laboratory diagnostic techniques and is consistent with the other substantial evidence in the record. 20 C.F.R. § 416.927(d)(2). In choosing to reject a treating physician's assessment, an ALJ may not make "speculative inferences from medical reports," and may not reject a treating physician's opinion "due to his or her own credibility judgments, speculation or lay opinion." *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000). The ALJ explained why the treating source opinions were not entitled to controlling weight:

> A) Dr. Jones's treatment notes: (1) failed to support the limitations in Hall's ability to use her upper extremities or stand and walk; (2) stated that the impairments were temporary and would last only until October 12, 2006; and (3) relied heavily upon Hall's subjective complaints. R&R 14-15.
>
> B) Dr. Flanagan's opinion that Hall would be absent more than four days a month as a result of her migraine headaches was not supported by the doctor's treatment notes or other evidence. The treatment notes suggested that the headaches were manageable through preventative care and pain medication, and only mentioned the migraines twice between May and October 2007. R&R 15.
>
> C) Dr. Schwartz's opinion was discredited by the ALJ because it was based mostly on Hall's subjective complaints rather than clinical signs. R&R 16.

Because the ALJ listed specific reasons, supported by evidentiary findings, for discrediting the physicians' opinions, the court finds that ALJ's findings are based on substantial evidence. Hall's objection is overruled.

### B. Hall's Credibility

Hall contends that the ALJ did not fully discuss why she discredited Hall's testimony and did not fully specify what medical evidence discredited Hall's description of pain and other

6

symptoms. The Magistrate Judge reviewed the ALJ's credibility determination in the R&R. R&R 10-12. A credibility finding merits deference based on the ALJ's ability to observe the claimant's demeanor. *Reefer v. Barnhart*, 326 F.3d 376, 380 (3d Cir. 2003). The reasons supporting a credibility finding must be substantial and bear a legitimate nexus to the finding as demonstrated by inconsistent statements, contradictory evidence, or inherently improbable testimony. *Id.*

The ALJ discredited Hall's testimony because it consisted of several contradictory statements and was often extreme and exaggerated. The Magistrate Judge noted several examples that the ALJ provided in making her credibility determination. Hall contradicted herself when asked: (1) why she stopped working; (2) her physical limitations; and (3) the effect of her migraine headaches on her daily living. R&R 11. The ALJ's states other examples that shed doubt on the credibility of Hall's subjective complaints. Hall complained of musculoskeletal pain all the time, but only took Percocet when necessary, i.e., an average of three times a week. Evidently the pain was not constant, and the medical treatment was effective in managing the pain. Tr. 28. Despite her allegations of intractable pain, Hall had received conservative medical treatment since the onset date of 2006. *Id.* Hall was also vague and evasive when answering questions about her prior work and income. *Id.*

The ALJ's credibility findings were supported by substantial evidence. There is no error in the R&R; Hall's objection is overruled.

### C. ALJ's Determination of Hall's Residual Functional Capacity

After consideration of the entire record, the ALJ found that Hall had the RFC "to perform light work or sedentary level work provided it does not require crawling or kneeling, or using her right foot for repetitive movements . . . and provided it is a low stress job that does not require

7

any more than occasional decision making or more than occasional changes in the work setting." Tr. 26. Hall argues that the ALJ's RFC determination was erroneous because she is not able to perform all the activities at the exertional level found by the ALJ on a regular and continuing basis. In support, Hall cited her treating physician's statement as suggesting an RFC of less than full time work. Tr. 339-43. The Magistrate Judge found Hall's RFC was supported by substantial evidence because the ALJ reviewed and weighed the evidence and explained why she credited or discredited different aspects of the evidentiary record. R&R 17. The ALJ's RFC assessment shows that the ALJ considered the medical evidence of record, including Dr. Flanagan's RFC assessment, and incorporated those portions she found to be credible. For example, the ALJ limited Hall's RFC to activities where she would not have to crawl or kneel because of her knee impairments, and would not have to use her right foot because of her foot impairment. *Id.* But the ALJ also noted that Hall was able to do light/sedentary activities consistent with her RFC–e.g., cooking, shopping, going to church, caring for her grandchildren, etc. Tr. 28. There is substantial evidence supporting the ALJ's RFC determination. As there is no error in the R&R regarding her RFC, Hall's objection is overruled.

### D. Appeals Council Decision to Deny Review

Because the ALJ's determinations are supported by substantial evidence, the Appeals Council did not err in denying review of the ALJ decision.

## III. Conclusion

The ALJ's findings are supported by substantial evidence. Hall's objections to the R&R are overruled. The R&R is approved and adopted. An appropriate order follows.